## SMITH *v.* TUCKER.

Where a broker, acting as the agent of the defendant for several years, renders his accounts of moneys received and commissions and expenses for services rendered, wherein no mention is made of a claim previously existing for similar services, and in anticipation of the withdrawal of the agency, he also writes the defendant a letter, stating that the amount therein specified is still due to him, without any allusion to such previous claim; a presumption arises, that such pre-existing claim has been in some manner settled.

Such circumstances amount to a presumptive admission that the accounts and letter embrace all the claims existing in the broker's favor.

Where the broker gives no evidence whatever to rebut the presumption, it is error to disregard it and find in his favor for the amount of such pre-existing claim.

Such a presumption in a defendant's favor is conclusive until rebutted.

APPEAL by the defendant from a judgment against him, rendered in one of the district courts. The action was to recover $50, as a balance alleged to be due to the plaintiff, for a specific service as a broker in a matter mentioned in the opinion. The facts, forming the basis of the decision in this court, are therein stated.

BY THE COURT. WOODRUFF, J.—I think the justice erred in the views which he must have taken of the effect of the various accounts rendered by the plaintiff to the defendant. The whole evidence shows that the plaintiff, who was a broker, had acted as the defendant's agent for several years after the transaction to which the suit relates. In 1850, it appears the defendant owed him, for a specific service, in a matter in which the defendant and a third person were both interested, $100. That the defendant paid to him $50, and stated that he, the plaintiff, ought to get the remaining $50 from such third person, to which no reply appears to have been made. In this alone there was nothing to relieve the defendant from his liability, nor raise any presumption that the money was in any manner paid.

VOL. II.                    13

But it appears, by the defendant's evidence, that afterwards, from time to time, the plaintiff rendered accounts of moneys collected for the defendant, and charges for his commissions and disbursements therein, during a period of three years, without any mention of the money now claimed. And in a letter of March, 1853, in distinct reference to the anticipated withdrawal, by the plaintiff, of his agency, he states the amount which he is entitled to receive from the defendant for his commissions. I feel bound to say, that from these acts, a presumption arises that the $50 sued for had been paid. It is true that the accounts rendered appear to relate to houses let for the defendant, and the plaintiff's commissions and expenses for advertising and repairs.

But with the exception of the transaction to which the suit relates, the parties do not appear to have had any other dealings, and the transaction in question was of a nature similar to those embraced in the accounts, to wit, the employment of the plaintiff as a broker to render services. (*Vide Leveridge* v. *Botham*, 1 Bos. & Pull. 49.)

If there were any, even the slightest evidence, to rebut this presumption, the finding of the justice would be deemed conclusive; but here, I think, there was no evidence to be weighed and a balance determined. He could only have given the judgment for the plaintiff by rejecting the defendant's evidence altogether, or holding that it raised no presumption in the defendant's favor. In this, I think, he erred, and the judgment should, for this cause, be reversed.

Judgment reversed.